J-S12029-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FRANCISCO JAVIER LEMUS | : | |
| | : | |
| Appellant | : | No. 2460 EDA 2024 |

Appeal from the PCRA Order Entered August 16, 2024
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002052-2014

BEFORE: STABILE, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.: **FILED JANUARY 6, 2026**

Francisco Javier Lemus appeals from the order dismissing his Post Conviction Relief Act ("PCRA") petition as untimely. *See* 42 Pa.C.S.A. §§ 9541-9546. This case returns to us following a remand for a determination of whether Lemus's Pa.R.A.P. 1925(b) statement was timely. We affirm.

In 2016, a jury found Lemus guilty of multiple offenses, including possession with intent to deliver, criminal use of a communication facility, and criminal solicitation. The court imposed an aggregate sentence of 40 to 80 years' incarceration. We affirmed the judgment of sentence. *See Commonwealth v. Lemus*, No. 2720 EDA 2016, 2018 WL 505966 (Pa.Super. filed Jan. 23, 2018) (unpublished mem.). Our Supreme Court denied Lemus's petition for allowance of appeal on July 25, 2018. *See Commonwealth v. Lemus*, 189 A.3d 991 (Table) (Pa. filed July 25, 2018). He did not seek review in the U.S. Supreme Court.

Lemus filed the instant, *pro se* PCRA petition, his second, in June 2023. PCRA Petition, filed 6/22/23. The court issued notice of its intent to dismiss the petition without a hearing, finding Lemus's claims "waived, untimely filed, or hav[ing] no merit." Order, filed 4/26/24, at 1 n.1. The court dismissed the petition, and Lemus filed a timely notice of appeal.[1] *See* Order, 8/16/24. On September 24, 2024, the court ordered Lemus to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b), within 21 days – by October 15, 2024. Order of Court, filed 9/24/24. In November 2024, the court filed a Rule 1925(a) opinion, finding all appellate issues waived because Lemus did not file a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(a) Opinion, filed 11/1/24.

Less than two weeks later, on November 12, 2024, the PCRA court received a letter from Lemus, asserting that he filed his Rule 1925(b) statement before the deadline. *See* Findings of Fact on Remand, filed 11/14/25, at ¶ 4; Lemus's Letter, dated 11/5/24. He included with the letter a copy of his Rule 1925(b) statement, which included a certificate of service

---

[1] The Commonwealth argues that Lemus's appeal should be dismissed as untimely. We disagree. Under the prisoner mailbox rule, Lemus's notice of appeal was timely. *See Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997) (prisoner mailbox rule deems notice of appeal filed "on the date that the appellant deposits the appeal with prison authorities and/or places it in the prison mailbox"). Because the 30th day after the entry of the dismissal order was a Sunday, Lemus had until Monday, September 16, 2024, to file a timely notice of appeal. *See* 1 Pa.C.S.A. § 1908; Pa.R.A.P. 903(a). The notice of appeal was not docketed until September 19, 2024. However, the envelope bears a postmark of September 11, 2024, five days before the deadline. Therefore, the record clearly shows that the appeal was timely.

dated October 13, 2024. Lemus also stated that he never received his "proof of service receipt back from the mailroom in the state correctional institution where I reside." *See* Lemus's Letter.

On appeal, because of these unique circumstances, we remanded the case for the PCRA court to conduct proceedings to determine the timeliness of Lemus's Rule 1925(b) statement. *See Commonwealth v. Lemus*, No. 2460 EDA 2024, 2025 WL 2058628, at *2 (Pa.Super. filed July 23, 2025) (unpublished mem.).

The PCRA court held a hearing on August 27, 2025. Lemus testified that he prepared and sent his Rule 1925(b) statement to the prison mailroom on October 13, 2024. The court did not find this testimony credible and determined that "it was unable to be reasonably verified." Findings of Fact on Remand at ¶ 5a. Lemus also testified that it was not until November 1, 2024, that he learned that his statement had not been mailed, "when he received his monthly accounting of expenses and the mailing costs for the Rule 1925(b) statement were not among the itemized deductions from his account." *Id.* at ¶ 5b.[2] The court determined that when Lemus did not receive the proof of service on October 14 or 15, "he had no reason to believe that the mail had gone out." *Id.* at ¶ 5d. The court also took note of Lemus's Affidavit of Service attached to his Rule 1925(b) statement in his November letter to the court,

---

[2] The court opinion marks the date as November 1, 2025. However, this appears to be a typographical error since this case was on remand to the lower court at that time.

which the prison authorities also did not receive. The court concluded the misplacing of both documents "by prison authorities to be unlikely." *Id.* at ¶ 6. It also noted that the Certificate of Filing that Lemus attached to his November letter, claiming that he gave his documents to the prison authorities on October 13, "has never been used and attached to any of [Lemus's] prior date sensitive filings." *Id.*

The court ultimately determined that Lemus's "testimony and documentation are self-serving and lack reasonable verification." *Id.* The court found that Lemus's Rule 1925 statement was untimely and that he "failed to meet his burden to show verifiable evidence" that he provided his Rule 1925(b) statement to prison authorities for mailing on October 13, 2024.[3] *Id.*

This case has now returned to this Court. On appeal, Lemus raises the following claims:

> I. The trial court abused its discretion and made an error of law. When it denied Appellant's newly discovered evidence's petition regarding prosecutorial misconduct claims.
>
> II. Trial court abused its discretion based upon an erroneous finding of fact which deprived Appeallnt of his constitutionally protected right to due process and equal protection of law. Denial of an evidentiary hearing.
>
> III. The court abused its discretion when it denied the Appellant the oppoutinuty to bring forth a meritorious claim, when counsel was ineffective, as counsel was the same

---

[3] The court's opinion reads October 13, 2025, which again, appears to be a typographical error as this Court remanded the case in July 2025.

during trial, direct appeal, PCRA and habeas corpus under **Commonwealth v. Brandley**.

Lemus's Br. at 6, 13, 15 (verbatim).

The PCRA court's findings are supported by the record. We therefore do not address Lemus's appellate claims because they are waived. "[T]o preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P.1925." **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) (quoting **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998)). In other words, "failure to comply with the minimal requirements of Pa.R.A.P.1925(b) will result in automatic waiver of the issues raised." **Commonwealth v. Schofield**, 888 A.2d 771, 774 (Pa. 2005); **see also** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived").

Here, the court ordered Lemus to file a Rule 1925(b) statement within 21 days of its order filed on September 24, 2024. Based on the court's findings, Lemus did not file his statement until November 12, 2024, 28 days beyond the deadline. Thus, Lemus filed an untimely 1925(b) statement, resulting in waiver of all claims. **See Commonwealth v. Corbin**, No. 848 EDA 2022, 2024 WL 1191619, at *1 (Pa.Super. filed Mar. 20, 2024) (unpublished judgment order) (affirming judgment of sentence where *pro se* appellant waived all claims by failing to file timely Rule 1925(b) statement). We therefore affirm the dismissal of his PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>1/6/2026</u>